**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 05 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| STATE OF CALIFORNIA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS OF CALIFORNIA, AKA Distributees, a Federally Recognized Indian Tribe, <br><br> Defendant-Appellant, <br><br> PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS OF CALIFORNIA, AKA New Tribal Council, Federally Recognized Indian Tribe, <br><br> Defendant-Appellee. | No. 16-15096 <br><br> D.C. No. 1:14-cv-01593-LJO-SAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted April 10, 2018
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,[**] District Judge.

Defendant-Appellants, individual members of the Picayune Rancheria of Chukchansi Indians of California Tribe ("the Distributees"), appeal the district court's entry of judgment and permanent injunction, which enjoined the Tribe and its agents from certain conduct related to ensuring the health, safety, and welfare of the public with respect to the Tribe's operation of its Chukchansi Gold Resort and Casino. The Distributees allege that the district court erroneously recognized a faction of tribal members as the rightful tribal leadership, and failed to recognize and defer to tribal court rulings regarding the makeup of the Tribal Council and its election.

We have jurisdiction pursuant to 28 U.S.C. § 1291 over the appeal of the district court's judgment and permanent injunction. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Contrary to Appellee's assertion, the Distributees have standing to pursue this appeal because the district court enjoined "all groups claiming to constitute the tribal government," which arguably forms the basis of the Distributees' claim.

---

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Nonetheless, the appeal fails on the merits. First, the injuries alleged by the Distributees, recognition of the Interim and New Tribal Councils and failure to recognize tribal court rulings, are not part of the district court's decision. The district court did not determine which disputant tribal faction represented the rightful tribal council or leadership. Rather, the district court summarized the intra-tribal dispute among the factions, the actions taken by the BIA and the IBIA with respect to the 2010 Interim Tribal Council, and the October 2015 Tribal Council Election. Further, the tribal court rulings referenced by the Distributees were irrelevant to the issues before the district court: the Tribe's compliance with the provisions of the class III gaming Compact between the Tribe and the State of California requiring the Tribe to ensure the public's health, safety, and welfare in operating its Casino.

Because the district court did not recognize one faction over another, and did not err by failing to recognize tribal court rulings that were irrelevant to the issues before it, reversal of the district court's judgment or permanent injunction would not redress or have a practical effect on the injuries alleged by the Distributees.

On the merits, the district court did not abuse its discretion in granting the injunction. The State of California sufficiently established irreparable harm in the danger that the continued conflict over the tribal casino operations posed to public

3

safety.  There were no adequate remedies at law.  The balance of hardships favored the State.  The public interest was served by the entry of a permanent injunction. The district court acted entirely properly.

All pending motions are denied as moot.

**AFFIRMED.**